FILED

03/26/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0102

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 20-0102

BRIAN D. SMITH,

Petitioner and Appellant,

v.

STATE OF MONTANA,

Respondent and Appellee.

FILED

MAR 26 2020

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Brian D. Smith moves this Court to appoint counsel and to expand the record by including the Missoula County District Court record for his underlying criminal case, Cause No. DC-11-161. The State of Montana has not filed a response.

As grounds, he provides that he is indigent and incarcerated. Smith states that he "needs access to files in possession of the public defender's office in Missoula, []" in order to argue his case on appeal. He states that he believes he is entitled to those files and that he has not been provided these documents since 2012. In lieu of granting his motion for counsel, Smith offers, in the alternative, that this Court order the District Court to release the entire record for DC-11-161 from the public defender's office to him.

Smith is appealing the District Court's denial of his second petition for postconviction relief in Cause No. DV-16-698. This Court is familiar with Smith's criminal history. Smith pleaded guilty to felony aggravated assault, and in May 2012, the District Court sentenced him to a twenty-year prison term without parole. Smith did not timely appeal his conviction and sentence. This Court denied his petition for an out-of-time appeal in July 2013. *State v. Smith*, No. DA 13-0399, Order (Mont. July 10, 2013). In 2016, Smith sought postconviction relief in the District Court, and the court denied his petition in Cause No. DV-16-698. Smith appealed, and we affirmed. *Smith v. State*, No. DA 17-0146, 2018 MT 115N, ¶¶ 2, 11, 2018 Mont. LEXIS 150.

Smith is not entitled to representation from appellate counsel nor expansion of the record. There is no right to the appointment of counsel in a proceeding on a motion for postconviction relief, although a court may order the assignment of counsel under the circumstances outlined in § 46-8-104, MCA. Smith represented himself in his postconviction proceeding before the District Court. Smith has not demonstrated that extraordinary circumstances exist to justify appointment of counsel, pursuant to § 46-8-104(3), MCA. Smith is not entitled to his public defender's files now, some seven years later, when he did not have them in seeking postconviction relief. Smith presents no grounds to support his motion that this record on appeal needs to be supplemented with either these files from the public defender's office or from the underlying District Court record for his criminal conviction and sentence, given that his instant appeal concerns another denial of his petition for postconviction relief. Section 46-21-105(2), MCA. Accordingly,

IT IS ORDERED that Smith's Motion for Appointment of Counsel is DENIED.

IT IS FURTHER ORDERED that Smith's Motion to Expand the Record is DENIED.

The Clerk is directed to provide a copy of this Order to counsel of record and to Brian D. Smith personally.

DATED this 26ᵗʰ day of March, 2020.

For the Court,

By _____
Chief Justice

2